

2021 JUN -8 PM 2:22

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>1. **CLEMENTE QUEZADA a/k/a MeMe, ManMan (Counts 1, 3, 5, 7, 9, 11)**<br><br>2. **ISAI DAVID NAVARRO-RIVAS a/k/a Pollo (Counts 1, 7)**<br><br>3. **JUANA ELVIRA ARRECHEA-GILBERT (Counts 1, 2, 4)**<br><br>4. **EDSON CRUZ-MEDINA (Counts 1, 10)**<br><br>5. **TIUN TODD a/k/a Tito Todd (Counts 1, 8)**<br><br>6. **JONATHAN LOPEZ (Counts 1, 6)**<br><br>7. **MARK TURNER (Counts 1, 11, 12)**<br><br>8. **ERICK COLLINS a/k/a Erick Johnson (Counts 1, 13)**<br><br>**Defendants.** | Case No. 3:21-cr-74<br><br>Judge Thomas M. Rose<br><br>I N D I C T M E N T<br><br>18 U.S.C. § 1956(a)(2)(A)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 846<br>21 U.S.C. § 856(a)(2)<br>FORFEITURE |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 846 and 841(b)(1)(A)]

I. THE CONSPIRACY

1. Between a beginning date unknown, but at least by in or around December 2020, and in or around June 2021, in the Southern District of Ohio, and elsewhere, defendants **CLEMENTE QUEZADA also known as ("a/k/a") MeMe and ManMan ("QUEZADA")**, **ISAI DAVID NAVARRO-RIVAS a/k/a Pollo ("NAVARRO-RIVAS")**, **JUANA ELVIRA ARRECHEA-GILBERT ("ARRECHEA-GILBERT")**, **EDSON CRUZ-MEDINA ("CRUZ-MEDINA")**, **TIUN TODD a/k/a Tito Todd ("TODD")**, **JONATHAN LOPEZ ("LOPEZ")**, **MARK TURNER ("TURNER")**, **ERICK COLLINS a/k/a Erick Johnson ("COLLINS")**, and others known and unknown to the Grand Jury knowingly and intentionally conspired to possess with intent to distribute and to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

II. MANNER AND MEANS OF THE CONSPIRACY

2. The conspiracy operated, and was designed to operate, in the following manner:

a. With the assistance of other people - including, but not limited to, defendants **NAVARRO-RIVAS** and **ARRECHEA-GILBERT** - defendant **QUEZADA** acquired over a dozen kilograms of fentanyl destined for resale and distribution in southern Ohio, including Clark, Greene, Hamilton and Montgomery Counties. Upon obtaining these drugs, defendant **QUEZADA** - often with help from **NAVARRO-RIVAS** - located customers who sought to purchase quantities of fentanyl ranging from ounces to kilograms. Throughout this time, **QUEZADA** also received bulk amounts of methamphetamine that he distributed in a similar manner.

b. To facilitate these illegal drug sales, defendants **QUEZADA** and **NAVARRO-RIVAS** used a network of sellers in southern Ohio, including, but not limited to, defendants **CRUZ-MEDINA**, **TODD**, **LOPEZ**, and **COLLINS**.

c. In an effort to conceal this drug operation and to deter its detection, defendants **QUEZADA**, **CRUZ-MEDINA**, **TODD**, **LOPEZ**, **TURNER**, and **COLLINS** used a series of properties throughout southern Ohio to process, store, and distribute controlled substances and the cash proceeds therefrom. For

instance, defendant **TURNER** knowingly permitted defendant **QUEZADA** to store kilograms of fentanyl in powder and pill form at **TURNER's** residence in Xenia, Ohio.

d. Defendants **QUEZADA, NAVARRO-RIVAS, ARRECHEA-GILBERT, CRUZ-MEDINA, TODD, LOPEZ, TURNER**, and **COLLINS** additionally used various instrumentalities of interstate commerce - including cellular telephones, semi-trailer trucks, automobiles, and wire transfers - to conduct their illegal business. For instance, each of the defendants used cellular telephones at various times to arrange the sale and distribution of controlled substances or facilitate the collection and delivery of cash proceeds therefrom.

e. Defendants also engaged in a variety of transactions not only to fund their purchase of controlled substances from sources of supply but also to disguise the illegal nature in which they earned their money. For example, defendant **QUEZADA** frequently collected thousands of dollars in cash from his sellers. Defendant **QUEZADA** then arranged for delivery of these drug proceeds to **ARRECHEA-GILBERT**, who, under the guise of her profession as a truck driver, transported these illegal cash proceeds to sources of drug supply in the western United States and Mexico.

f. Some members of the group - including **CRUZ-MEDINA** and **COLLINS** - acquired and kept firearms to protect their illegal drugs as well as the cash proceeds derived from the sale of controlled substances.

g. In this manner, defendants **QUEZADA, NAVARRO-RIVAS, ARRECHEA-GILBERT, CRUZ-MEDINA, TODD, LOPEZ, TURNER,** and **COLLINS** and others known and unknown to the Grand Jury distributed, and intended to distribute, over a dozen kilograms of fentanyl throughout southern Ohio.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

COUNT TWO

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

On or about February 23, 2021, in the Southern District of Ohio, defendant **ARRECHEA-GILBERT** knowingly and intentionally distributed 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

COUNT THREE

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

On or about February 23, 2021, in the Southern District of Ohio, defendant **QUEZADA** knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

COUNT FOUR

[18 U.S.C. §§ 1956(a)(2)(A) and 2]

On or about February 23, 2021, in the Southern District of Ohio, and elsewhere, defendant **ARRECHEA-GILBERT**, aiding and abetting others known and unknown to the Grand Jury, attempted to transport monetary instruments - namely, United States currency - from a place in the United States (the State of Ohio) to a place outside the United States (Mexico) with the intent to promote the carrying on of a specified unlawful activity -

namely, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

On or about April 7, 2021, in the Southern District of Ohio, defendant **QUEZADA** knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

COUNT SIX

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

On or about April 7, 2021, in the Southern District of Ohio, defendant **LOPEZ** knowingly and intentionally possessed with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

On or about April 16, 2021, in the Southern District of Ohio, defendants **QUEZADA** and **NAVARRO-RIVAS**, aiding and abetting each other, knowingly and intentionally distributed 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

On or about April 16, 2021, in the Southern District of Ohio, defendant **TODD** knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

COUNT NINE

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about May 12, 2021, in the Southern District of Ohio, defendant **QUEZADA** knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT TEN

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)-(B)]

On or about June 2, 2021, in the Southern District of Ohio, defendant **CRUZ-MEDINA** knowingly and intentionally possessed with intent to distribute:

a. 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

b. 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)-(B).

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

On or about June 2, 2021, in the Southern District of Ohio, defendants **QUEZADA** and **TURNER**, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

COUNT TWELVE

[21 U.S.C. § 856(a)(2)]

On or about June 2, 2021, in the Southern District of Ohio, defendant **TURNER** knowingly and intentionally managed and controlled any place -- whether permanently or temporarily -- as an occupant, and in doing so, knowingly and intentionally made available for use, with and without compensation, the place for the purpose of unlawfully storing and distributing a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

On or about June 2, 2021, in the Southern District of Ohio, defendant **COLLINS** knowingly and intentionally possessed with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

FORFEITURE ALLEGATION ONE

Upon conviction of one or more offenses set forth in Counts One through Three and Counts Five through Thirteen of this Indictment, defendants **CLEMENTE QUEZADA also known as ("a/k/a") MeMe and ManMan ("QUEZADA")**, **ISAI DAVID NAVARRO-RIVAS a/k/a Pollo ("NAVARRO-RIVAS")**, **JUANA ELVIRA ARRECHEA-GILBERT ("ARRECHEA-GILBERT")**, **EDSON CRUZ-MEDINA ("CRUZ-MEDINA")**, **TIUN TODD a/k/a Tito Todd ("TODD")**, **JONATHAN LOPEZ ("LOPEZ")**, **MARK TURNER ("TURNER")**, and **ERICK COLLINS a/k/a Erick Johnson ("COLLINS")** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from,

any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

FORFEITURE ALLEGATION TWO

Upon conviction of Count Four of this Indictment, defendant **JUANA ELVIRA ARRECHEA-GILBERT** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such violation, or any property traceable to such property.

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1), to seek

forfeiture of any other property of said defendants, up to the value of the forfeitable property.

A TRUE BILL

/S/ SIGNED
Foreperson

VIPAL J. PATEL
Acting United States Attorney

BRENT G. TABACCHI
AMY M. SMITH
Assistant United States Attorneys